### FRELLSON, STEVENSON & Co. *v.* W. B. STEWART.

A judgment creditor has no right to proceed against the property of his debtor by process of attachment.

APPEAL from the Fourth District Court of New Orleans, *Price* J.
*Elmore & King*, for plaintiffs.  *Gaither & McPheeters*, for defendants and appellants.

LAND, J.  The plaintiffs obtained a judgment against the defendant in the parish of Madison in this State, for the sum of $1,771 85, and afterwards instituted this suit on their judgment, in the Fourth District Court of this city, and on the allegations that defendant was an absentee from the State, and that the Liverpool and London Insurance Company and the Sun Mutual Insurance Company were indebted to the defendant, caused process of attachment and garnishment to be issued in pursuance of the prayer of their petition.

A rule was taken by the attorneys of the defendant on the plaintiffs, to show cause why the writ of attachment should not be quashed and set aside, and this suit dismissed on the ground *" that an attachment cannot legally issue after judgment, and that the enforcement of a judgment cannot be made by said writ,"* among other grounds, which it is unnecessary for us to notice, as we consider this ground alone sufficient to dissolve the attachment, and dismiss the suit, for the following reasons :

First. Because a *judgment creditor* has no right, under our attachment laws, to proceed against the property of his debtor, by process of attachment. His remedy is by writ of *fieri facias* for the collection of his judgment.  C. P. Art. 641.

Secondly. Because a judgment creditor was not even entitled to the process of garnishment, before the passage of the Act of the 20th of March, 1839, p. 166, and the Act of the 18th of March, 1840, p. 43, amendatory thereof; and the plaintiffs did not comply with the provisions of these Acts, by applying for and causing a writ of *fieri facias* to issue on their judgment, as they were bound to do, in order to avail themselves of the remedy given by these statutes.  Parties resorting to the remedy of attachment, or garnishment, have ever been held to a strict compliance with all the formalities prescribed by law, under the pain of nullity.  *Featherston'h* v. *Compton*, 3 An. 380 ; *Petway* v. *Goodin*, 12 R. 445.

It is, therefore, ordered, adjudged and decreed, that the judgment be reversed; and it is now ordered, adjudged and decreed, that the writ of attachment issued in this case be dissolved, and that this suit be dismissed at the costs of the plaintiffs in both courts.